[No. 1309.]

THE PIONEER LOAN CO. v. INGOLS.

PRIVITY OF CONTRACT—FALSE REPRESENTATIONS.

In an action on a dishonored check by the payee against the drawer an answer that admitted the drawing of the check, but set up an affirmative answer, that the check was given for one E., to whom defendant had agreed to advance the money, to purchase a stock of goods from plaintiff; that the sale by plaintiff to E. was made by false and fraudulent representations and that the goods represented by plaintiff to E. to be in the stock were not in the stock and were not delivered to E., stated no defense to the action as in the sale of the goods there was no privity of contract between plaintiff and defendant, and the plaintiff incurred no liability to defendant by any representations to E.

*Appeal from the District Court of Arapahoe County.*

Mr. S. L. CARPENTER, for appellant.

Mr. JOHN A. DEWEESE, of counsel.

Messrs. ALLEN & WEBSTER, for appellee.

THOMSON, P. J., delivered the opinion of the court.

This is a suit on a dishonored check. The complaint averred the drawing of a check by the Pioneer Loan Company to Augustus B. Ingols, on the American National Bank of Denver, for $423.90 ; the presentation of the check by Ingols at the bank for payment; and the refusal of payment by the bank for the reason that the loan company had, by an order to the bank, stopped its payment.

The answer admitted, by not denying, the allegations of the complaint ; and, for its defense, the loan company alleged that before the making and delivery of the check, the plaintiff had agreed with one Ellen Gottlieb to sell and deliver to her a stock of goods in his possession, together with the fixtures in the storeroom containing the goods, in consideration of which Ellen agreed to pay him $423.90 ; that the defendant agreed to advance that sum to her, and accordingly made its check for the amount to the plaintiff ; that the plaintiff, prior to the purchase by Ellen, had exhibited to her a paper purporting to be an inventory of the stock, at the same time representing that all the articles named in the inventory were in the storeroom and would be delivered to her; but that, in fact, a number of the articles, equaling in value the amount of the check, were not in the storeroom, and were not delivered to Ellen ; that some other goods, the value of which was not stated, belonged to other parties, who removed them after the delivery of the stock to her; that she relied on the representations, and acted upon the faith of them ; and that all other considerations which Ellen had agreed to pay for the stock, had been paid.

Joseph Gottlieb a witness for the defendant testified that

he was secretary of the defendant and that Ellen Gottlieb was his wife; that he negotiated the transaction for his wife by which she became the purchaser of the goods: that after she had made the purchase she sold the stock to the defend-ant; that defendant gave the check because of its purchase from Ellen, and that he (the witness) represented his wife and the defendant. Counsel for the plaintiff then objected to any further evidence in behalf of the defendant, for the reason that its answer set forth no defense available to it. Other evidence was offered, the materiality of which was dependent on the materiality of the foregoing, but the court refused to receive it, and rendered judgment for the plain-tiff on the pleadings.

The only real question in the case is whether the answer stated a defense. Assuming its statements to be true, there was no privity of contract between the defendant and the plain-tiff. No representations were made to it; and, by the rep-resentations to Ellen, the plaintiff incurred no liability to it. It was by virtue of an agreement between it and Ellen, and not by virtue of any contract between it and the plaintiff, that it made and delivered its check to the plaintiff. It advanced the money to Ellen; she became its debtor, and it is to her it must look for repayment. Upon the averments of the answer, the defendant was an utter stranger to the con-tract between Ellen and the plaintiff. If there was such failure of consideration as the answer stated, the cause of action on account of the failure accrued to Ellen; and the plaintiff cannot plead damages sustained by her in bar of an action on its own obligation. Nor, giving the defendant the full benefit of Mr. Gottlieb's testimony, did the matters stated by him tend in the least to make good the insufficiency of the answer. The purchase made for her by her agent was her purchase, the defendant's purchase from her by its agent was its purchase, and it is immaterial that the same person was the agent of both. The defendant was not her agent. In the transaction between the plaintiff and Ellen, it was not known, and in the transaction between Ellen and

it, the plaintiff was not known. The two transactions were entirely distinct. If on account of what it owed Ellen it gave its check, at her request, to the plaintiff, for the amount which she owed him, it did so in pursuance of the transaction between itself and her, and the plaintiff took the check in pursuance of the transaction between himself and her, but the fact that the check was made directly to the plaintiff, involved no dealing between him and the defendant, and gave it no right to intermeddle in the transaction between Ellen and the plaintiff. If the consideration which the defendant was to receive from her failed, it can look to her for indemnity, and for whatever wrong the plaintiff may have done to her, the law will afford her redress.

The judgment must be affirmed.

*Affirmed.*